

# NUMBER 13-25-00531-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DOUGLAS LOIL TANKERSLEY,                                    Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

## ON APPEAL FROM THE 51ST DISTRICT COURT
## OF IRION COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice Peña**

In January 2022, appellant Douglas Loil Tankersley pleaded guilty to thirteen counts of possession of child pornography, third-degree felonies. *See* TEX. PENAL CODE § 43.26(c-1). Appellant also pleaded guilty to an enhancement paragraph alleging he had previously been convicted of felony assault against a public servant, *see id.* § 22.01(b)(1), thereby raising the punishment range for each count to that of a second-degree felony. *See id.* § 12.42(a). As part of a plea agreement, the trial court placed appellant on

deferred adjudication community supervision for ten years.

On January 17, 2025, the State filed a motion to revoke deferred adjudication alleging appellant violated numerous conditions of his community supervision. The State filed a second amended motion to revoke on June 30, 2025. The trial court held a hearing on the State's second amended motion on August 21, 2025, and found numerous allegations in the motion to be true and revoked appellant's community supervision. The trial court adjudicated appellant guilty and sentenced him to twenty years imprisonment on each count to be served consecutively.[1] *See id.* § 3.03(b)(3)(A) (permitting consecutive sentences for conviction of child pornography charges arising out of the same criminal episode). Appellant's court-appointed appellate counsel has filed a brief with this Court stating there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967). We affirm.[2]

## I.     ANDERS BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court stating her review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas,

---

[1] Appellant was also adjudicated guilty and sentenced on one count of possession of a controlled substance in the amount of less than one gram. *See* TEX. HEALTH & SAFETY CODE § 481.115(b). Appellant appealed this conviction, but we dismissed for want of jurisdiction. *See Tankersley v. State*, No. 13-25-00541-CR, 2026 WL 308310 (Tex. App.—Corpus Christi–Edinburg Feb. 5, 2026, no pet.) (mem. op., not designated for publication).

[2] This appeal was transferred from the Third Court of Appeals pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE § 73.001. We are required to follow the precedent of the transferor court to the extent it differs from our own. TEX. R. APP. P. 41.3.

an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel has carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that she: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his rights to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a form motion for pro se access to the appellate record that only requires appellant's signature and date with instructions to file the motion within ten days. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09. Appellant filed a motion for access to the appellate record, which this Court granted. Appellant was provided with the appellate record on March 30, 2026, but did not file a pro se response.

## II.    INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824,

827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Counsel is ordered to send a copy of this memorandum opinion and its accompanying judgment to appellant, and to advise him of his right to file a petition for discretionary review, within five days of the date of this memorandum opinion.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.    CONCLUSION

We affirm the trial court's judgment.

L. ARON PEÑA JR.
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
2nd day of July, 2026.

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals, *see id.* R. 68.3(a), and must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.